THERESA HOFFMAN, Respondent, v. WILLIAM C. CONNER, Appellant.

Under an execution, in the usual form in an action for the claim and delivery of personal property, it is the duty of the sheriff to take and deliver the property as commanded, not only if he finds it in the possession of any person named therein, but also if he finds it in the possession of any other person; unless he can justify his refusal to do so by showing that such person has a title or right of possession superior to that of the party to whom he is commanded to deliver it.

Where, therefore, to such an execution, the sheriff returned that he could not find the property so as to make delivery, and it appeared, in an action against him for a false return, that he knew where the property was within his county, and could have found it, but refused to take it or to take any action in regard thereto, upon the sole ground that it was in the possession of one M., *held*, that in the absence of proof that M. had any title to the property or right to the possession as against plaintiff, the sheriff was liable.

Defendant offered in evidence a chattel mortgage, purporting to cover the property, given by one A. H. to M. There was no allegation in the answer or offer to prove that plaintiff did not own the property, or that M. did own it or have any right to the possession thereof. *Held*, that the mortgage was properly excluded.

For the purpose of proving value, plaintiff was allowed to testify, under objection and exception, as to what she gave for the property. *Held*, no error.

At the time the objection was made, it did not appear when the property was purchased by plaintiff; subsequently, it appeared that the purchase was made ten years prior to the false return; the objection was in no way renewed. *Held*, that there was no exception to present the point upon appeal, that evidence of the purchase price so long before was incompetent.

(Argued January 16, 1879; decided January 28, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 13 Hun, 541.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Robert S. Green*, for appellant. The proper measure of damages was the market value of the goods when the alleged neglect of defendant was charged and interest. (*N. Y. G. and T. Co.* v. *Flynn*, 55 N. Y., 653; *King* v. *Orser*, 4 Duer, 431; *Wehle* v. *Haviland*, 69 N. Y., 448; *Starkey* v. *Kelley*, 50 id., 679; *Beach* v. *R. and D. R. R. Co.*, 37 id., 457, 470; *Campbell* v. *Woodworth*, 20 id., 499.) The return was *prima facie* evidence for plaintiff. (*Browning* v. *Haviland*, 7 Hill, 120.)

*Edward P. Wilder*, for respondent. It was defendant's duty to take the goods under the execution issued in whose-soever hands he found them. (Old Code, §§ 277, 289, subd. 4; *Dwight* v. *Enos*, 9 N. Y., 471; 2 Edm. Stat., 548, § 50; *Fitzhugh* v. *Wyman*, 9 N. Y., 559; *Hagar* v. *Chete*, 10 Hun, 447; *Salisbury* v. *Morss*, 7 Lans., 364; *Castle* v. *Noyes*, 4 Kern., 329; *Campbell* v. *Hall*, 16 N. Y., 579; *Edgerton* v. *Ross*, 6 Abb., 189; *Foster* v. *Pettibone*, 20 Barb., 356; *Shipman* v. *Clark*, 4 Den., 446.) One who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset. (3 Otto, 163–168; *Lessee* v. *Harvey*, 11 Md., 524; *Salisbury* v. *Morss*, 7 Lans., 364; *Harrington* v. *Slade*, 19 Barb., 162; 1 Story's Eq., § 406; *Litch* v. *Wells*, 48 N. Y., 602.) It was proper to allow evidence to go to the jury as to what the articles cost. (*Wells* v. *Kelsey*, 37 N. Y., 143.) When a sheriff is guilty of making a false return to an execution the law lays plaintiff's damages presump-tively and *prima facie* at the amount of the writ. (*Bk. of Rome* v. *Curtis*, 1 Hill, 275; *Pardee* v. *Robertson*, 6 id., 550; *Bacon* v. *Cropsey*, 7 N. Y., 195; *Ledyard* v. *Jones*, id., 550; *Brookfield* v. *Remsen*, 1 Abb. Ct. App., 210; *Swezey* v. *Lott*, 21 N. Y., 484.)

EARL, J. This is an action against the defendant, form erly sheriff of the city and county of New York, for a false

return of an execution.   An action had been commenced by Charles Hoffman against this plaintiff to recover the possession of certain specific personal property, and the property had been taken from this plaintiff, and delivered to him. That action was brought to trial, and resulted in a judgment for this plaintiff, that she recover the property or its value, and damages for its detention.   Upon that judgment an execution was issued to the defendant, commanding him to take the property from the plaintiff in that action, or in whose hands soever the same might be within his county, and deliver the same to this plaintiff, or if that was impossible, then that he should satisfy the judgment as to the value of the property, together with the damages and costs as specified in the execution.   The execution was delivered to the defendant, and after holding the same for some time he made return thereon, that he could not find the property so as to make delivery thereof, and that he could not find any property of the plaintiff in that action, out of which to make the money, as he was commanded.   This is the return which is now claimed to have been false.

The return was certainly false, because the sheriff knew where the property was within his county, and could have found it : but he refused to take it, and deliver it to the plaintiff, on the sole ground that it was in the possession of one Miller.   There was no allegation in the answer, nor any claim or offer to prove at the trial that Miller had any title to the property, or right to the possession thereof against the plaintiff, and the defendant did not demand the property of Miller, or attempt to take the same from him for delivery to the plaintiff.   Under such circumstances he was not justified in making the return that he could not find the property. Under such an execution if the sheriff finds the property in the possession of the person named therein, he must take it and deliver it as commanded.   If he finds it in the possession of any other person, he must also take it, and deliver it as commanded, unless he can justify his refusal to do so by showing that such person has a title or right of possession

superior to that of the party to whom he is commanded to deliver it, in which case he may make return according to the fact. Hence the motion to nonsuit the plaintiff was properly denied.

It is impossible to perceive how the personal mortgage offered in evidence by the defendant, and excluded by the court upon plaintiff's objection, was material. The mortgage was not given by the plaintiff, but by one Augusta Hoffman, and there was no allegation in the answer or offer to prove on the trial that plaintiff did not own the property, or that Miller, the mortgagee, did own it, or have any right to the possession thereof.

Upon the trial plaintiff, for the purpose of proving the value of the property, was asked by her counsel, what she paid for it. This was objected to by the defendant as incompetent, and the objection was overruled. It has been held that what a party paid for property, is some evidence of its value. (*Campbell* v. *Woodworth*, 20 N. Y., 499; *Wells* v. *Kelsey*, 37 id., 143 ; *Beach* v. *Raritan and Del. Bay R. R. Co.*, id., 457.) At the time this objection was made, it did not appear when the property was bought, and no suggestion was made that the purchase was not recent. Subsequently, upon plaintiff's cross-examination, it appeared that the purchase was ten years before the date of the false return. The learned counsel for defendant now claims that the evidence of the purchase price, so long before the return, was improper. But there is no exception that enables him to make the point, as his objection was in no way renewed when it appeared that the purchase was not recent. The evidence was competent as it appeared when given, and the attention of the court was not again called to it.

There are no other exceptions which require consideration, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.