POWELL v. FLECHTER.

*(Common Pleas of New York City and County, General Term.   April 4, 1892.)*

1. APPEAL—REVIEW OF EVIDENCE.
   A verdict, upon conflicting evidence as to fraudulent representations in the sale of personal property, will not be disturbed, unless clearly against the weight of evidence.

2. ACTION FOR DECEIT—FALSE REPRESENTATIONS OF VALUE.
   A dealer and expert in violins, who gives a false and fraudulent opinion as to the make and value of such an instrument, to a purchaser ignorant of such matters, is liable to such purchaser, who buys in reliance on such representations, in an action for deceit, even though the latter attached no importance to the statements as to the maker, and did not rely solely thereon.

3. SAME—MEASURE OF DAMAGES.
   In an action for deceit, it appeared that, for the purpose of inducing the purchase of a violin for $500, defendant falsely represented it to be made by a celebrated maker, and worth $1,000. No proof of the value of a violin of such make was given. *Held,* that defendant was not prejudiced by an instruction that the measure of damages was the difference between the price paid and the actual value of the instrument, instead of the real and the represented value.

Appeal from trial term.

Action for deceit by Minnie Paul Powell against Victor S. Flechter. Judgment for plaintiff, and order denying a motion for a new trial. Defendant appeals.   Affirmed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

*Benno Loewy,* for appellant.   *Stimson & Williams,* (*E. P. Johnson,* of counsel,) for respondent.

PRYOR, J.   After all the elaborate discussion expended on this appeal, the questions involved are extremely simple and of easy solution.   The complaint alleges that, on the sale of a violin to the plaintiff, the defendant represented to her that it "was made by one Gaspard di Dniffoprugear, and was worth the sum of at least a thousand dollars;" that the representation was false, to the knowledge of the defendant, and was made with the intent of deceiving the plaintiff; that it did deceive her, to her damage.   In support of the cause of action so stated, the plaintiff produced sufficient proof, and, upon conflicting evidence, the jury gave her a verdict.

In response to appellant's contention that the verdict is against the weight of evidence, it suffices to say that, at all events, no such preponderance in his favor appears as authorizes the court to interfere with the decision of the jury.   It is impossible to infer that here has been a miscarriage of justice. But the judgment is impeached for error of law.   In the first place, appellant insists that actionable fraud is not predicable merely of an opinion as to value.   This, undoubtedly, is the rule in its absolute expression, subject, however, to modification by qualifying circumstances.   If a vendor, himself acquainted with the value of a commodity, and conscious that the vendee reposes confidence in his opinion as that of an expert, and aware that the vendee is incompetent to estimate the value of the article, willfully exaggerate the value with the intent and effect of defrauding the vendee, to his damage, —if upon this predicament of fact an action for deceit may not be maintained, then is our law of a lower morality and less perfect efficacy than we had fondly imagined it to be.   But, happily, the law of New York, at least, is obnoxious to no such reproach.   *Chrysler* v. *Canaday*, 90 N. Y. 272, 279. An intentionally false statement as to value is actionable "where one in purchasing goods, the value of which can only be known to experts, relies upon the vendor, who is a dealer in such goods, to give him accurate information concerning them," (Cooley, Torts, 484;) and, although an expression of opinion as to value be not actionable, it is otherwise of representations as to the facts on which the valuation is based, (*Schwenck* v. *Naylor*, 102 N. Y. 683,

7 N. E. Rep. 788; *Miller* v. *Barber*, 66 N. Y. 558, 567; *Gellis* v. *Andrews*, 56 N. Y. 83, 86; *Hickey* v. *Morrell*, 102 N. Y. 454, 7 N. E. Rep. 321; *Manning* v. *Albee*, 11 Allen. 520; *State* v. *Hefner*, 84 N. C. 751; *State* v. *Tomlin*, 29 N. J. Law, 13; *Bradley* v. *Luce*, 99 Ill. 234; *McAleer* v. *Horsey*, 35 Md. 439.)

Here the facts of the case bring it clearly and exactly within the operation of the rule as thus qualified. The plaintiff (vendee) was a woman utterly ignorant of violins and their value. The defendant (vendor) was to her knowledge a dealer and expert in violins, and so familiar with their value. He assured her that the violin for which she was negotiating was worth a thousand dollars. He represented that it was the make of Gaspard di Dniffoprugear, celebrated in the sixteenth century for his skill in the construction of such instrument, and that violins of his make were very rare. These assurances and representations were false and fraudulent. She bought in reliance upon them, and in consequence sustained the damage for which she recovered. It is impossible to doubt that the plaintiff completely established a cause of action. But it is said the plaintiff attached no importance to the representation that the violin was the make of that particular artist, and such seems to be the fact. Nevertheless she purchased in reliance on the representation as to the value of the instrument, and it is enough that the actionable statement was one, though not the sole, inducement to her contract. *Kley* v. *Healy*, 127 N. Y. 555, 28 N. E. Rep. 593; *Hubbard* v. *Briggs*, 31 N. Y. 518.

Again, appellant alleges error of law in the measure of damage propounded to the jury. The court charged the measure of damages to be the difference between the price paid and the actual value of the violin, whereas the true rule of damages, in actions for deceit, is the difference between the real and the represented value. But obviously the error was in favor of the defendant, for the represented value may have been greater that the price paid. Still the defendant argues that the error was material and hurtful, because no evidence was given of the represented value, *i. e.*, what the violin would have been worth if the make of the particular artist, and, that being the case, no damage beyond nominal was shown. To this contention a twofold answer is apparent: *First*, that the represented value was a thousand dollars; and, *secondly*, on the hypothesis that no proof was adduced of the value of a Dniffoprugear violin; that the defendant affirmed it to be worth a thousand dollars; and, again, that the price paid ($500) was evidence of its value, if it were the violin represented. *Miller* v. *Barber*, 66 N. Y. 559, 568; *Hoffman*. v. *Conner*, 76 N. Y. 121, 124. The error, not being of prejudice to the appellant, presents no ground for reversal.

Finally, the appellant urges that the case was submitted to the jury so as to authorize a recovery for other frauds than those alleged; but the record contradicts the contention, and exhibits that the court, in response to a request from counsel, distinctly instructed the jury that the plaintiff could only claim for the representations laid in the complaint. We have examined in detail the almost countless exceptions in the case, but we observe none affecting the validity of the judgment. Judgment and order affirmed, with costs.