### HASKELL v. NORTHERN ADIRONDACK R. CO.

(Supreme Court, General Term, Third Department. December 8, 1892.)

DAMAGES—FIRE SET BY LOCOMOTIVE—OPINION EVIDENCE.

In an action against a railroad company for injury to plaintiff's fruit trees and shrubbery by a fire alleged to have been set by one of defendant's locomotives, expert witnesses may testify to the value of the trees and shrubbery as they stood on the land at the time of the fire; the difference in the value of the land before and after the fire being the proper measure of damages.

Appeal from circuit court, Franklin county.

Action by John M. Haskell against the Northern Adirondack Railroad Company for the destruction of plaintiff's fruit trees, shrubbery, and bees by a fire alleged to have been set by one of defendant's locomotives. There was a verdict in plaintiff's favor of $272; and from the

judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

On the trial plaintiff introduced evidence showing that defendant's engine set the fire that caused the injury; that the fire caught in dry, dead grass and weeds and combustible matter that had been left there by defendant for a number of years; and that it was a dry time, and the wind was blowing hard from the direction of the place where the fire started towards the trees.    Plaintiff also introduced expert witnesses who testified as to the value of the apple trees, grapevines, and currant bushes destroyed, as they stood upon the land at the time of the fire. Defendant's evidence showed that the grass and weeds had been cut along the line of defendant's roadway, that the most approved appliances for arresting sparks from the engine were used at the time, that the fire box of the engine was so constructed that no fire could escape without the aid of the engineer, and that the engine was in perfect condition.

Argued before MAYHAM, P. J., and HERRICK, J.

S. A. Beman, for appellant.

J. C. Saunders, for respondent.

MAYHAM, P. J.    This action was for the recovery of damages for injury to plaintiff's fruit trees and shrubbery and bees by fire alleged to have been negligently set, and permitted to escape from defendant's land to that of the plaintiff.    Whether the defendant in this action was or was not guilty of negligence in permitting this fire to escape, or whether it did originate from fire from defendant's locomotive, was a question of fact which was properly submitted to the jury by the trial judge; and the same is true of the question whether the defendant negligently suffered or permitted dry and combustible matter to accumulate upon its track or roadway.    Nor do we think the court erred in receiving evidence upon the question of damages.    His ruling upon that question is fully sustained by the case of Argotsinger v. Vines, 82 N. Y. 313, 314.[1]   The case was fairly and clearly submitted to the jury by the charge of the judge upon the disputed questions of fact, and we cannot say that the evidence did not sustain their verdict.    The motion, therefore, for a new trial upon the merits was properly denied, and we see no error committed by the trial judge for which this judgment should be reversed.

Judgment affirmed, with costs.

[1] In this case the court said: "In an action to recover damages for an injury done to the inheritance, it is held that it is competent for a witness to give his opinion as to the value of the farm with the timber on, and the value after it was taken off."