JOHN M. HASKELL, Respondent, *v.* THE NORTHERN ADIRONDACK RAILROAD COMPANY, Appellant.

*Destruction of standing fruit trees — measure of damages — error disregarded upon appeal.*

The true measure of damages for the loss of standing fruit trees destroyed by fire is the depreciation in the value of the land upon which they stood by reason of their destruction.

Evidence of the value of standing trees destroyed through negligence is inadmissible in an action brought to recover damages for their destruction.

Where it is apparent that an appellant was not prejudiced by an error of the trial court in the admission of evidence such error should, under the provisions of section 1003 of the Code of Civil Procedure, be disregarded upon appeal.

APPEAL by the defendant, The Northern Adirondack Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 7th day of December, 1891, upon the verdict of a jury rendered after a trial at the Franklin Circuit, and also from an order denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

This action was brought to recover damages sustained by the plaintiff in the destruction of his orchard by fire caused by the defendant's alleged negligence.

*S. A. Beman*, for the appellant.

*J. C. Saunders*, for the respondent.

MAYHAM, P. J.:

We think all the questions raised on this appeal were correctly disposed of by this court on a former argument, as reported in 49 New York State Reporter, 483, unless this court erred in sustaining the decision of the trial judge wherein he allowed evidence of the value of the standing fruit trees destroyed by the fire, instead of the difference in value of the land on which they stood by reason of their destruction.

In deciding this case on the former argument this court followed the decision in *Whitbeck* v. *The N. Y. C. R. R. Co.* (36 Barb. 644). That was an action for damages for the destruction of plaintiff's

fruit trees by fire, caused by the negligence of the defendant, and the witness was permitted, in answer to questions put by the plaintiff's counsel, under defendant's objection, to state the value of the trees destroyed, and this court on appeal held the evidence competent.

That decision was referred to in *Argotsinger* v. *Vines* (82 N. Y. 314), and was tacitly approved by the court, although a different rule of damages was adopted in that case, and the court, without sustaining the rule then laid down, affirmed the judgment on the ground that the difference, if any, in the damages in that case, was too small to justify a reversal, and, therefore, applied the maxim " *de minimus non curat lex.*"

But it is now claimed that the law was definitely settled in *Dwight* v. *The Elmira, Cortland & Northern R. R. Co.* (132 N. Y. 199), where it was held that the following question was erroneously put and answered under the defendant's objection : " Q. What were those twenty-one trees worth at the time they were killed ? " The attention of this court was not called to that decision at the time of the former hearing of this appeal, if indeed it had been promulgated at that time. Assuming, however, as we must, that this decision, which is directly in point, is the law of this State, the evidence offered and received in this case was erroneous, and as the same related to an important question in the case, the judgment must for that reason be reversed, unless we can see that the other rule of damages, also adopted by the plaintiff in his proof, cured the error, and that no damage resulted to the defendant from the receipt of the evidence erroneously received. It is quite apparent that sufficient evidence of an unobjectionable character was given in the case upon the question of damages to sustain this verdict.

Evidence was offered and received showing the value of the farm before the injury complained of, and its value after the damage by fire to these fruit trees. This was legal evidence, and an examination of it shows that there was enough of that class of evidence to uphold the verdict of the jury. An examination of the evidence upon the question of damages offered upon both theories as to the proof of damages in this case, shows that the testimony as to the value of the trees was more favorable to the defendant than that relating to the difference in the value of the farm before and after the fire, and, hence, it is apparent that the appellant was not prejudiced by

the error, and, under the provisions of section 1003 of the Code of Civil Procedure, the error should be disregarded on this appeal. (*Curley* v. *N. Y., Ont. & Wes. R. R. Co.*, 16 N. Y. St. Repr. 307; *Powell* v. *Fletcher*, 45 id. 294; *Miller* v. *Barber*, 66 N. Y. 559; *Hoffman* v. *Conner*, 76 id. 121.)

The error in the receipt of the evidence of the value of these trees was not, therefore, prejudicial to the appellant, and does not afford ground for reversal. (*Lewis* v. *Hojer*, 41 N. Y. St. Repr. 619.)

On the whole case, therefore, we see no reason for the reversal of this judgment.

HERRICK, J., concurred; PUTNAM, J., not acting.

Judgment affirmed, with costs.