### CLARK v. LEVINE, Marshal.

#### (Supreme Court, Appellate Term. January 10, 1901.)

TROVER—TAKING ON REPLEVIN EXECUTION—PROOF OF TITLE—SUFFICIENCY.

    In a replevin suit, F. obtained judgment for delivery of a wagon against G., and the wagon was delivered to F. by a city marshal. Subsequently the judgment was reversed on appeal, and on the new trial G. was adjudged entitled to possession. Execution was issued to defendant, who, finding the wagon in plaintiff's possession, took it and delivered it to G., which was the conversion complained of in this action. Plaintiff's only evidence of his title was under a purchase from a wagon maker, the derivation of whose title was not shown at all. *Held*, that the evidence was not sufficient to support a verdict for plaintiff.

Appeal from municipal court, borough of Manhattan, First district.

Action by Jacob Clark against Albert Levine, as marshal, etc. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Bullowa & Bullowa, for appellant.

L. Levy, for respondent.

PER CURIAM. This is an action for damages for the wrongful conversion of a wagon. The action was brought by the assignee of a corporation known as the Jersey Model Baking Company. The wagon had been the subject of an action in replevin by one Fleischmann against one Glasee. In that action, on March 9, 1899, a city marshal replevied this wagon, together with a horse and wagon, and delivered them to Fleischmann. Upon the trial of the action Fleischmann recovered judgment for return of the chattels. Upon appeal this judgment was reversed and a new trial granted, and upon the second trial Glasee was adjudged to be entitled to the possession of the chattels, and an execution in the form prescribed in such cases was issued to the defendant, who, finding the wagon in possession of plaintiff's assignor, took possession of it and delivered it to Glasee. The execution in an action of replevin must award to the successful party possession of the chattel, and, in default of delivery thereof, a sum of money equal to its value. In Hoffman v. Conner, 76 N. Y. 121, the duty of a sheriff under such an execution is defined:

"Under such an execution, if the sheriff finds the property in the possession of the person named therein, he must take it and deliver it as commanded. If he finds it in the possession of any other person, he must also take it and deliver it as commanded, unless he can justify his refusal to do so by showing that such person has a title or right of possession superior to that of the party

to whom he is commanded to deliver it, in which case he may make return according to the fact."

It follows that the sheriff or a marshal who, pursuant to the command of such an execution, does take a chattel from a third person, is safe against any action for damages, unless the third party can affirmatively show that he had title or right of possession superior to that of the execution creditor. The plaintiff here did not show such superior title or right of possession. He did not trace his assignor's title even back to Fleischmann, to whom the chattel had originally been delivered. All he showed was that the Model Baking Company had bought the wagon from one Rabe, who is described as a wagon maker. How it got into Rabe's possession does not appear. If the defendant had refused to take the wagon, and had been sued for a false return by Glasee, he certainly could not have justified his refusal by a plea of superior title and right of possession in the Jersey Model Baking Company, if that plea had been supported only by such unsatisfactory evidence as this plaintiff here relied upon. If the evidence would not be sufficient to justify a refusal to take this wagon, it certainly is not sufficient to justify an award of damages against the marshal for taking it.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.