## EVIDENCE AS TO VALUE IN APPROPRIATION PROCEEDINGS.

[Circuit Court of Cuyahoga County.]

THE CLEVELAND TERMINAL & VALLEY RAILROAD COMPANY v.
THOMAS M. GORSUCH ET AL.

Decided, December 22, 1905.

*Eminent Domain—Evidence—Tests of Value of Land Taken—Character
of Adjacent Railway Line—Recent Sales—Price Paid by Owner—
Value at a Prior Date—General Selling Price in Neighborhood—
Separate Valuations on Land and Building.*

1. In an action to fix compensation for land appropriated for railroad
   purposes, testimony to the effect that the company using the freight
   house adjoining the premises operates one of the largest systems
   in the country is proper, because of the greater value of property
   thus located over that on an insignificant line.
2. The proper test of the value of land so appropriated is not the price
   paid at a particular sale, but the general selling price in the neigh-
   borhood.
3. The amount paid by the owner of the property sought to be appro-
   priated does not fix its present value, nor is its present value shown
   by evidence as to its value at a date fourteen months earlier, but
   both have a bearing on its present value, and are admissible in
   evidence as tending to show present value.
4. A property owner has the right to show the value of his land sepa-
   rate from the building, and the value of the building separate from
   the land, and in the absence of all other evidence the aggregate of
   these two valuations should be taken as the value of the parcel.
5. A motion to take from the jury an entire answer as unresponsive is
   properly overruled, where a part of the answer is directly respon-
   sive and the remainder is not prejudicial.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

The railroad company brought proceedings in the probate
court of this county to appropriate for railroad purposes certain
real estate owned by the defendant Gorsuch and others in the
city of Cleveland. By proper proceedings the matter of the
assessment of the compensation to be paid for the premises
so appropriated was brought to trial in said court, and
the jury made return by its verdict of the amount assessed

in favor of each owner whose lands were sought to be appropriated. Judgment was entered for each on such verdict. The plaintiff brought proceedings in error in the court of common pleas to reverse the judgment as to Gorsuch. On hearing, such judgment was affirmed, and these proceedings are now prosecuted here to reverse such judgment of affirmance.

A bill of exceptions is filed here containing all the evidence offered on the trial in the probate court, together with a record of all the proceedings at such trial. Numerous rulings of the court are complained of, all of which have been carefully considered, and some of which are especially pointed out in this opinion. Mr. Gorsuch, the owner of the premises, was undergoing examination as a witness and had testified as to the surroundings of the property, the increase of business in the neighborhood, the proximity of the Valley Railroad tracks, etc., and then this question was asked:

"What, Mr. Gorsuch, is the common reputation of the C., T. & V. Ry., whether or not it is being operated as a part of another system. A. To the best of my judgment and what I have seen, by the Baltimore & Ohio."

On motion of the defendant the answer was taken from the jury, and then this question was asked:

"Mr. Gorsuch, you may state whether there is a common reputation in the neighborhood in which you live, that the Cleveland Terminal & Valley Railroad Company are operating and using this freight station which is in the rear of your property, whether they are or not?"

This was objected to by the plaintiff, the objection overruled, and plaintiff excepted.

"A. It has been used in that way."

Then this question:

"Well, now, what railway company has been using and operating this freight station in the rear of your property?"

This was objected to, the objection overruled, and an exception taken.

"A. Well, it has been operated by the Baltimore & Ohio.
"Q. Now, Mr. Gorsuch, have you any personal knowledge

of the character, as to the extent of the Baltimore & Ohio Railroad Company, whether it is a large or a small railroad?

"(Objected to; objection overruled; exception).

"A.    It is one of the largest systems we have got, amongst the largest."

We find no error to the prejudice of plaintiff in any of these rulings. The witness does not testify as to the reputation in the neighborhood as to either railroad company. He does testify that the freight house adjacent to his premises was used by the Baltimore & Ohio, and that this is one of the largest systems in the country. We think it entirely proper in an effort to ascertain the value of property to show that it is near to a great railroad. Property is likely to be enhanced in value by being near to such a railroad over what it would be by some insignificant tramway or small road.

Mr. A. G. Daykin, a witness on behalf of defendant Gorsuch, was being cross-examined by counsel for the plaintiff, and this question was asked of him:

"Did you know, Mr. Daykin, of Mr. Gorsuch having within about a year sold the thirty-three feet adjoining? A. No, I don't know anything about it, except what Mr. Gorsuch said about it.

"Q.    Did you learn, prior to testifying, that such a sale had been made of 33½ feet adjoining by him at about the time he acquired this property? A. I don't think I did, Mr. Tolles. He said something about being skinned out of a piece there, but I didn't take it into consideration."

The plaintiff moved to have this entire answer taken from the jury, and same was overruled.

There was no error in this ruling. Certainly the first sentence of the answer is directly responsive to the question put. The court was not asked to take a part of the answer from the jury, but to take it all away. Nor do we regard the last part of the answer as prejudicial to the plaintiff. There is nothing to indicate who Gorsuch thought skinned him, if anybody did.

Further on in this cross-examination the same witness was asked if he did not know of the sale of certain other property by the plaintiff in this locality, and he answered:

"Yes; he told me he got swindled out of it."

Motion was made by plaintiff to take this answer from the jury. The first part was responsive to the question; the last part was not prejudicial.

Without stopping to call attention to each of the rulings on the admission of evidence, in which we find no error to the plaintiff's prejudice, we come to the consideration of a question appearing on page 136 of the record. Mr. F. H. Goff was upon the stand as a witness for the plaintiff. He had qualified as being sufficiently acquainted with the value of lands in the neighborhood of those under consideration to entitle him to give an opinion as to such values, and had placed a value upon the defendant's land, the value of which was in issue. He was then asked this question:

"You may state, Mr. Goff, what, during the period named by you in your previous examination, has been the general selling price of lots upon James street?"

This was objected to, the objection sustained and exception taken. It was expected that the witness would answer $1.50 per square foot without buildings; $2.50 with buildings. This was property in the immediate vicinity of that in question. Mr. Goff had testified that he knew of a considerable number of sales in that vicinity within the past two years. He had given his estimate of the value of this property. The question now under consideration sought to bring out an independent fact, viz., the general selling price of lands in the neighborhood within a comparatively short time. He had already said that he knew what it was. We think if the witness had testified that he had not examined the tract in controversy, it would still have been competent to show by him at what prices land in that locality was selling for.

Lewis on Eminent Domain, paragraph 443, says:

"The propriety of allowing proof of the sales of similar property to that in question, made at or about the time of the taking, is almost universally approved by the authorities."

He shows, however, that there are high authorities to the contrary.

Elliott on Railroads, Section 1036, says that it is not settled that the price paid on particular sales is admissible, but that it

is the general selling price of land in the neighborhood which is the test. We hold that the evidence of the general selling price of land in the neighborhood is admissible, not the price paid at a particular sale, and that, therefore, there was error in excluding such testimony.

It appears from page 27 of the bill of exceptions, that when Mr. Gorsuch, the defendant, was upon the stand in his own behalf and had testified that the market value of the property in question was $15,000, he was on cross-examination asked by plaintiff's attorney, from whom he purchased it. He answered, from Mr. Johnson, and that it was two months more than a year before he testified. He was then asked if the price he paid was not $7,000, and, again, what the price was that he paid, stating that he expected the witness to answer, if permitted, that he paid $7,000. Both these questions as to the price paid were, on objection of defendant's counsel, excluded. In this we think there was error. The price paid does not fix the value, nor does the value fourteen months prior to the time at which value is now to be determined, even when fixed, determine the present value, but both have a bearing on the present value and are admissible in evidence as tending to show present value. But the question here was asked on cross-examination and might well have been admitted as testing the witness. See *Hoffman* v. *Conner*, 76 N. Y., 121.

On page 195 of the bill it appears that J. G. W. Cowles was being examined as a witness for the plaintiff. He qualified as to the value of the land, but not as to the building, and he was asked to give the fair market value of the land exclusive of the building. This, on objection of defendant, was excluded. Plaintiff expected him to say $2 per square foot. These and other like questions were asked of witnesses produced by the plaintiff for the purpose of showing the value of the building and the land separately. The court excluded such evidence.

The defendant contends that there was no error in those rulings, because the statute requires the jury to fix a value on the *parcel* to be appropriated, and here the land and the building together constitute the *parcel*. It is true that there is but one parcel to be paid for, but if this parcel is made up of parts,

though the aggregate value of the several parts taken separately may not be the value of the parcel taken as a whole, yet such value of the parts furnish some criterion upon which to form a judgment of the value of the parcel.  Of course, there are some things where it may well be said that the value of the parts taken separately can form no such criterion.  A complicated machine may be of great value as a whole, and yet the several parts, when separated, be of practically no value whatever.  But the case of a building upon land is far removed from this.  Suppose the value of a farm of one hundred acres on which is a fine house is to be ascertained.  Can it be doubted that those farmers owning, buying and selling land in the immediate vicinity, but who know nothing of the expense of putting up such a house, may be permitted to testify as to the value of the *land*, exclusive of the house, and that a competent builder may testify as to the value of the *house* for the purpose of ascertaining the value of the farm as a whole?  It is not certain that the farm is worth as much as the combined value of the land and house, for the house may be wholly unsuited to the purpose of the farm, and yet in itself be of great value.  It may be, too, that the value of the house alone and of the land alone may be *less* than the value of the farm with the house upon it, because of the fact that the two are so admirably adapted to each other, but it would hardly be urged that a separate valuation of the land and the house might not aid in coming to a right valuation of the whole.  One can readily conceive of a case where of necessity the value of the thing to be paid for must be ascertained by taking the separate value of the several parts of that thing.  A railroad company by one wrongful act destroys one's turnout, consisting of horse, harness and carriage.  One witness or a dozen witnesses know the value of the horse, but no one of them knows the value of the carriage.  Another witness or another dozen of witnesses know the value of the carriage, but no one of them knows anything of the value of the horse.  No one would doubt that in such case the value of each might be shown separately.

In the case at bar we are of the opinion that the plaintiff had the right to show the value of the land separate from the building, and the value of the building separate from the land, and in

the absence of all other evidence the aggregate of these two valuations should be taken as the value of the parcel.

For the errors pointed out in this opinion the judgment of the court of common pleas is reversed, as is also the judgment of the probate court, and the case is remanded to the court of common pleas for further proceedings.

*Kline, Tolles & Goff*, for plaintiff in error.

*Goulder, Holding & Masten* and *Smith, Taft & Arter*, for defendants in error.