(67 Misc. Rep. 456.)

PALESTINE HEBREW WINE CO. v. TERMINAL WAREHOUSE CO.

(Supreme Court, Appellate Term. May 24, 1910.)

1. EVIDENCE (§ 558*)—EXPERT TESTIMONY—EXAMINATION—CROSS-EXAMINATION.

In an action for the value of wine stored in defendant's warehouse, where plaintiff's secretary testified as to the market value, he could be asked on cross-examination the price paid therefor, and that the wine was purchased 3½ years before trial was not too remote to render the cross-examination inadmissible; plaintiff having testified that its condition had not changed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2377, 2379; Dec. Dig. § 558.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 558*)—EXPERT TESTIMONY—IMPEACHMENT.

    In an action for the value of cognac and wine stored by plaintiff in defendant's warehouse, in which plaintiff testified that the market value thereof was $8 and $6 a gallon, respectively, defendant could show on cross-examination, to impeach plaintiff, that after the liquor was stored plaintiff had sworn that the value of the cognac was 70 cents a gallon.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2377, 2379; Dec. Dig. § 558.*]

3. EVIDENCE (§ 584*)—VALUE—COST—SUFFICIENCY OF EVIDENCE.

    In an action against a warehouseman for the value of wine stored with defendant and lost in storage, evidence of the cost of the wine would be some evidence of its value, though not conclusive.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2425; Dec. Dig. § 584.*]

4. WAREHOUSEMEN (§ 34*)—ACTIONS AGAINST—DAMAGES—MEASURE.

    If wine stored by plaintiff in a warehouse in barrels was converted, plaintiff's measure of damages would be the value of the wine in bulk as stored, and not its value after payment of the duty, bottling, labeling, and packing in cases.

    [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. § 82; Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Palestine Hebrew Wine Company against the Terminal Warehouse Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Paul Bonynge, for appellant.

Morris E. Gossett, for respondent.

GUY, J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff in an action brought against a warehouse company to recover the value of the contents of two casks, containing, respectively, wine and cognac, which had been imported by plaintiff from Palestine, and which were stored in bond with the defendant company. Upon subsequent delivery of the casks to plaintiff, they were found practically empty.

On the trial plaintiff called its secretary, who testified to the market value of the cognac as $8 per gallon and the wine as $6 per gallon. On cross-examination defendant's counsel asked witness a number of questions as to the prices paid by plaintiff for the articles in question, when purchased some 3½ years previous to the time of trial. These questions were excluded, and an exception taken by defendant. "Where, in an action to recover damages for the conversion of property, the plaintiff attempts to establish the value of the property converted by his own mere opinion, it is competent to show on cross-examination the price actually paid for the property converted on two business sales made prior to the commencement of the action. For the purpose of proving that the plaintiff in his testimony has overestimated the value of the property, it is competent to show the value

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of other articles included in the same purchase, as a test of the estimated value of the property converted." Wells v. Kelsey, 37 N. Y. 143.

It is claimed by plaintiff that evidence of the cost of the property in question is inadmissible, because the purchase was made at too remote a date. In view of the fact that the property had remained in storage, where it could not seriously alter in quality, and that plaintiff's witness testified that there was no material change in the value of such merchandise from the time of the purchase to the time of the alleged conversion, I am of the opinion that the time of purchase was not too remote.

Defendant also sought by proper questions on cross-examination to impeach plaintiff's witness by showing that, subsequent to the storage of the goods with defendant, the witness had sworn to a value of 70 cents per gallon for the cognac, as compared with a valuation of $8 per gallon as testified to on the trial. These questions were excluded, and an exception taken. The exclusion of the evidence was erroneous; and, in view of the fact that plaintiff's only witness as to value based his estimate of value upon prices charged by plaintiff to the wholesale trade, after payment of duty, bottling, labeling, and packing in cases, and that there was no evidence that such merchandise was dealt in by any other importers than the plaintiff in this city, the effect of such ruling was to practically permit plaintiff, or plaintiff's employé, to fix his own values on the merchandise, and to exclude all inquiry as to the accuracy of such valuation. While the evidence of cost price would not be conclusive as against the plaintiff, it at least would be some evidence of the value of the articles in question. See Hoffman v. Conner, 76 N. Y. 121.

Plaintiff's evidence as to value appears also to have been based on an entirely erroneous theory. Plaintiff was entitled to have the goods returned to it in the condition in which they were stored with defendant, in barrels; and, if a conversion was proven, the plaintiff would be entitled to recover the market value of the goods in the form in which they were stored with defendant, not the value of such goods after payment of duty, bottling, labeling, and packing in cases. That this method of valuation was erroneous is proven by the fact that plaintiff's witness stated that for the cognac, which he estimated to be worth $8 per gallon, "it is $5 per gallon in the bonded warehouse, not figuring on the duty." There was not sufficient evidence in the case as to the market value of the goods in the form in which they were left with defendant to form the basis of a verdict in favor of plaintiff.

For the reasons above given, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.