BROOKS v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Evidence:** EFFECT OF FIRE ON TREES AND GRASS: OPINION. In an action to recover for damage by fire to grass and a grove, plaintiff, after stating that he had examined them since the fire, was permitted to testify how he found them, and what effect the fire had had upon them. *Held* not vulnerable to the objection that the witness did not state facts, but only his opinion.

2. ————: EXCLUSION: SUBSEQUENT ADMISSION IN SUBSTANCE: NO PREJUDICE. The exclusion of evidence is no ground for reversal when the same evidence, in substance, is admitted in the further examination of the witness.

3. **Railroads:** BURNING OF DETACHED GROVE ON FARM: DAMAGES: INSTRUCTION. The fire complained of in this case consumed a grove which was growing on plaintiff's farm of 120 acres; but the grove was wholly on a tract of about 25 acres which was cut off from the rest of the farm by defendant's road. The court instructed the jury that, if plaintiff was entitled to recover at all, one element of his damages would be the value of the locust grove *to his farm*. *Held* correct, against the objection that the grove was valuable only to the 25 acres.

4. **Appeal:** PRACTICE: UNNECESSARY TRANSCRIPT: COSTS. Appellant in this case moved to tax the cost of the transcript to appellee, whether the judgment should be affirmed or reversed, on the ground that appellee had made the transcript necessary by improper denials of appellant's

abstract. But *held* that, under the rules of practice in this court, the several denials made by appellee (see opinion) were immaterial, and did not demand that appellant should file a transcript, and that therefore the motion must be overruled.

*Appeal from Tama District Court*—Hon. L. G. Kinne, Judge.

WEDNESDAY, OCTOBER 26.

ACTION to recover for an injury sustained by fires alleged to have been set out by the defendant. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Struble & Stiger*, for appellant.

*Stivers, Strong & McSherry*, for appellee.

ADAMS, CH. J.—The fires burned the plaintiff's grass and a locust grove.

I. The plaintiff was called as a witness in his own behalf. After testifying that he had examined the grove since the fire, he was asked a question in these words: "What effect had the fire on it?" The defendant objected to the question, and the court overruled the objection, and the witness answered: "I found a large amount of them killed. The fire killed them. Some of them showed signs of life, although there were no leaves started out." The objection urged by the defendant is that the question called for conclusion rather than the facts. In our opinion, the objection is not well taken. In the same connection the witness was interrogated in regard to the grass land burned over. Against the objection of the plaintiff, he was allowed to testify that he "found the timothy pretty much entirely killed; that once in a while he could find some bulbs alive, but that he should think ninety-nine-hundredths were killed; that the clover was badly injured, but that the red-top was coming on considerably." We see

*[margin note: 1. EVIDENCE: effect of fire on trees and grass: opinion.]*

no valid objection to this evidence, and think that the court did not err in admitting it.

II.    The defendant introduced one Soth as a witness, and asked him a question in these words:   "Do you know in what condition that grass,—that meadow,—was after the fire, as to how it affected it,—whether it killed or injured it?"   The plaintiff objected to this question, and the court sustained the objection, and the defendant assigns the ruling as error. The grass and meadow inquired about by the defendant were not the plaintiff's, and not those involved in this action.   The defendant sought to show by Soth the effect of burning over a different meadow.   Its contention appears to have been that grass grew up again and made good fall pasture.   While the plaintiff's objection to the question was sustained, the witness afterwards, apparently without objection, virtually answered the question.   The witness said: " I think it must have killed some of the timothy in this piece last year.   However, there was good picking after the rains came.   The grass grew on it.   It was good pasture." If we should concede that the question was proper, we have to say that it appears to us that the defendant had substantially the benefit of an answer.

*2. ———: exclusion: subsequent admission in substance: no prejudice.*

III.    One Miles Davis, called by the defendant, was asked as follows:   "State what in your judgment the effect would be upon the value of that farm if that grove had all been burned out,—if it increased or diminished it?"   The plaintiff objected to this question, and the objection was sustained, and the defendant assigns the ruling as error.   If we should concede that this question was proper, we still should have to say that we do not think that the defendant was prejudiced by its exclusion.   The witness was allowed to give his opinion upon the question as to how much less the farm was worth by reason of the injury to the grove, and this question covered the whole ground.   The witness testified that, in his opinion, the difference in value

*THE SAME.*

would not be anything, and that a locust grove is a curse to any farm.

IV.  The court instructed the jury, in substance, that, if the plaintiff was entitled to recover, one item of recovery

3. RAILROADS: burning of detached grove on farm: damages: instruction.

would be the value of the locust grove to the plaintiff's farm.  The defendant assigns the giving of this instruction as error.  The farm consisted of 120 acres.  Twenty-five acres had been cut off by the railroad, and the grove was on this tract. The defendant insists that the grove was valuable merely to this part.  Each part, however, appears to have sustained some relation to the other part.  The grove, doubtless, was designed to make the farm more habitable.  If it had any value, its value, we infer, consisted principally in the fact that it furnished shade, and was a wind-break, and perhaps was ornamental, and so added somewhat to the value of the farm in its entirety.  We see no error, and the judgment must be affirmed.

The appellant moved to tax to the appellee the cost of the transcript, whether the judgment should be

4. APPEAL: practice: unnecessary transcript: costs.

affirmed or reversed.  Its position is that the appellee, by denials in an additional abstract filed by him, made the transcript necessary, and that the denials were improperly made, and so the cost of the transcript resulted from the appellee's wrong.

The appellant stated in its abstract that it contained all the evidence.  This the appellee denied.  But such denial did not render a transcript necessary.  This court does not take notice of such a denial, and it should have been disregarded by the appellant.  If the appellee claims that there was other evidence necessary to a determination of the case, it was for him to set it out.  The plaintiff, in fact, did set out what he claimed was the evidence upon certain points, and the appellant does not deny that the appellee's abstract is correct; and in such case this court assumes that it is correct, and a transcript is unnecessary to verify the appellee's

statements. The appellee in his abstract denied that a bill of exceptions was filed including all the evidence. This denial seems to us to be immaterial. The question presented in argument arose upon the exclusion of evidence, and the ruling as to the measure of damages, and it was not necessary that all the evidence should be brought up or preserved below. The appellant stated that " the following proceedings were had, which were duly preserved by bill of exceptions." The appellee, by his abstract, says that " said proceedings were not preserved." He does not say that a bill of exceptions was not filed, or not filed in time, or, if filed in time, that the proceedings complained of were not embraced in it. The appellee's abstract should have been sufficient to apprise the appellant and the court of his precise objection to the record, to the end that the question between the parties should be settled, if possible, without a resort to a transcript. There is no good reason in any case why the abstracts should not show the exact condition of the record, so far as any question is concerned which the court has to determine, and a necessity of a resort to the transcript be obviated. We think that the appellee's abstract did not render a transcript necessary, and that the appellant's motion must be overruled.

AFFIRMED.