IGNAC KREJCI v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

Damage by Fire: ORCHARDS: *Evidence.* Where an orchard was destroyed by fire, it was proper, in fixing damages, to show the market value of the apples produced by the trees.

MEASURE OF: *Meadows.* Where grass land or meadow was destroyed by fire, the measure of damages was the cost of restoring it to its former condition, its rental value as such until restored, and also the value of growing grass.

*Harmless error.* It was harmless error, as to the defendant, to instruct that the plaintiff was entitled to recover the difference between the market value of the grass before and after the fire, since this was less than he was entitled to.

PLEA AND PROOF. In an action to recover for injuries by fire, the allegations of the petition that apple trees were destroyed, that they were of value, "and that great damage was done to his [plaintiff's] farm by the loss of said apple trees," was sufficient to permit evidence of the value of the farm before and after the orchard was burned.

*Needless allegations.* Where a petition alleged the destruction of apple trees by fire, and also great damage to the land, as the measure of damages was the difference in the value of the land before and after the fire, it was not necessary to prove the value of the trees; Code, section 3639, providing that a party need not prove more than is necssary to entitle him to the relief asked for.

INSTRUCTIONS: *Rule established by requests.* In an action against a railroad to recover for injuries by fire, it was not prejudicial to the defendant to instruct that "the law presumes that the defendant was negligent," when it had requested an instuction that the fact that a fire started from sparks from a railway engine created a mere presumption of negligence on the part of the company, which might be overcome by proof.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

WEDNESDAY, MAY 28, 1902.

ACTION at law to recover damages resulting from a fire set out by defendant's locomotive. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Hubbard, Dawley & Wheeler* for appellant.

*Bingham & Mekota* for appellee.

DEEMER, J.—The petition is in two counts. In the first it is alleged that in October, 1899, defendant negligently allowed a fire to be set out by an enigne, which destroyed apple trees, fence posts, meadow, and manure belonging to plaintiff; that the apple trees were of value; "and that great damage was done to his [plaintiff's] farm by the loss of said apple trees." In the second it is alleged that on March 30, 1898, defendant negligently allowed fire to escape from an engine, which destroyed four acres of valuable meadow, the reasonable value of which was $5 per acre, and "that said meadow was totally destroyed, and worthless for next year's crop." The answer was, in effect, a general denial.

On the trial plaintiff was permitted to prove, without objection, the destruction of apple trees, fence posts, grass, manure, and meadow land; that the apple trees bore fruit every year, after large enough to bear; that the fence posts destroyed were worth 15 to 20 cents apiece; that the manure was worth 75 cents to $1 per load; that the two acres of grass burned was worth $6; and, without objection, by one witness, that the farm was worth $75 per acre just before the October fire, and $70 per acre just after. Defendant objected to evidence offered by plaintiff tending to show the market value of the apples produced by the trees, the difference in the market value of the grass land before and after thé March fire, and the difference in the market value of the land just before

and just after the October fire, not taking into account the manure, fences, and grass that were detsroyed. These ojections were each and all overruled, and complaint is made of the rulings.

I.   That it was competent and material to show the income from the orchard prior to the fire is expressly held in *Rowe v. Railway Co.*, 102 Iowa, 290. The same case also holds that, when trees and shrubs are destroyed, the measure of damages is the difference in value "between the real estate before the injury and after it," and that a question similar to the one propounded to the witnesses in this case was proper. We are not to be understood as holding that this is the only rule to be applied when ornamental shrubs and trees, hedge fences, and the like, are destroyed; for tastes differ in these matters, and what is thought of benefit by one may be regarded as a positive injury by another, and yet the party whose property is destroyed may suffer a substantial injury. It is enough to say that the complaints so far considered in the instant case are without merit.

But it is argued that there is no claim for damages to the land; hence the evidence was inadmissible. The quotation we have made from the petition sufficiently answers this contention. True it is that plaintiff pleaded more specifically than was necessary the damages done to trees, etc., but he also alleged that damage was done his farm by the loss of apple trees. He was not required to prove all that he alleged. It was enough to show sufficient facts entitling him to recover. Code, section 3639, and cases cited. When grass land or meadow, as distinguished from hay or grass, is destroyed, the rule of damage, as adopted by this court, is the cost of restoring it to its former condition, and its rental value as such until restored; and, if growing grass is destroyed, plaintiff may have, in addition, the value of this grass. *Bradley v. Railway Co.*, 111 Iowa, 562. The reason given for this

rule is that it is always possible to find witnesses who value a farm just as high without a meadow as with it.    Another reason is that value of the use of the meadow during the time lost is an important element.    Vide *Bradley's Case*, *supra*.    It may be conceded that the proper rule was not applied in this case with reference to the meadow, either in the introduction of evidence, or in the charge as given by the court, which was to the effect that plaintiff was entitled to recover the difference between the fair market value of the grass immediately before and the fair market value just after the fire.    But the broader question remains, was defendant in any manner prejudiced thereby?

This interrogatory, it seems to us, admits of but one answer.    Plaintiff was permitted to prove that the meadow land just prior to the March fire was worth in the market $5 per acre, and just after was worth nothing.    Manifestly this had reference simply to the destruction of the meadow, without reference to anything for its use until restored.    This was less than plaintiff was entitled to, and, as defendant introduced no evidence whatever regarding the damages done by the March fire, it is in no position to complain.    In *Greenfield v. Railway Co.*, 83 Iowa, 277, where a similar question was involved, we said, "It is manifest that the plaintiff suffered no less damages than the difference in the timber land before and after the fire."    See, also, *Graessle v. Carpenter*, 70 Iowa, 166; *Hamilton v. Railway Co.*, 84 Iowa, 132.

II.    Instructions to the effect that, if the jury found defendant was not guilty of negligence, its verdict should be for defendant, were asked and refused, and error is assigned on the refusal.    As the substance of these instructions was given by the court in its charge, there was no error.    The same may be said of the court's refusal to give request No. 8, relating to the showing made by defendant to rebut the presumption of negligence.

III.   The third instruction given by the court reads as follows:   "(3) You are instructed that if you find from the evidence that the defendant railway company set out a fire by sparks escaping from its engines, and that the said fire damaged plaintiff, then in that event the law presumes that the defendant was negligent in operating the said trains, and the company will be held liable, unless it satisfies you by evidence rebutting this presumption that the company was not negligent in operating its said trains."   This is objected to because of the use of the phrase "the law presumes that the defendant was negligent."   Part of instruction No. 3 asked by defendant reads as follows:   "(3) Under the law in this state, the fact that a railway company sets out a fire by sparks escaping from one of its engines, and the same does damage, creates a mere presumption of negligence on the part of the railway company whose engine set out the fire, which may be overcome by proof that it was not guilty of negligence in so doing."   As the instruction given expressed practically the same thought as that embodied in the request, there was no error.

Other matters complained of are answered by what we have already said, and, finding no prejudicial error in the record, the judgment is AFFIRMED.