## JOHN J. KILBY *v.* C. L. ERWIN.

January Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ..

Opinion filed February 11, 1911.

*Principal and Agent—Liability—Acts of Agent—Special Verdicts*
*—Failure to Answer—Effect—Setting Fires—Damages to*
*Trees—Measure—Evidence—Witnesses—Redirect Examina-*
*tion—Scope—Objections not Made Below—New Trial—Newly*
*Discovered Evidence—Corroborative Evidence—Affidavit of*
*Counsel—Necessity.*

In an action for damage to land by fires claimed to have been kindled:
either by defendant or his agents, the jury's failure to answer special
inquiries as to whether the fire that caused the damage was set by
defendant or was set by his agent would not be inconsistent with a
general verdict for plaintiff, where the jury might have found that
the damage was caused wholly or in part by fires set, or authorized
to be set, by defendant, and still be unable to determine which fire
caused the damage; but in that case it should appear that the jury
found that all the fires that caused the damage, and which were not
set by defendant, were set by his authority.

Defendant would not be liable for damage to plaintiff's land caused by fires
set on defendant's land by third persons, unless either defendant
authorized the fires to be set, or a fire set by his authority operated in,
combination with a fire set by another to cause the damage.

In an action for damage to land by fires claimed to have been kindled
by defendant or his agent, special verdicts were submitted to the jury
asking whether defendant kindled the fire that damaged plaintiff's
land, and, if not, whether his agent did so, and, if so, who, and whether
that agent was authorized by defendant to set the fire, and which
of four designated fires did the damage. The jury returned a general
verdict for plaintiff, and reported that they were unable to answer
the special verdicts. They were instructed that the only important fire·
was the one that damaged plaintiff's land, and that, if it was set by
defendant's agent, they should determine whether he had authority
to do so; and there was no instruction on the hypothesis that they were
unable to determine that, nor upon the contingency of a finding
that the damage was caused by the combined action of a part or all'

of the fires. *Held,* that it could not be said that the jury found that the fires that caused the damage, and which were not set by defendant, were set by his authority, and the instructions given were inadequate to protect defendant in the absence of answers to the special verdicts.

In an action for damage to a sugar-maple grove, parcel of a farm, by fires set by defendant, the measure of plaintiff's damage is the decreased value of the farm, as a whole, resulting from the fire.

In an action for damage to a sugar-maple grove, parcel of a farm, evidence was admissible that maple sugar was the principal product of the farm, as to the estimated damage to the farm as a whole by the injury to the grove, and as to the characteristics of the uninjured part of the grove.

In an action for damage to a sugar-maple grove, parcel of a farm, by fires set by defendant, where plaintiff in cross-examination testified that sugar was the principal product of the farm, estimated the damage sustained, described the farm as to roughness, location, acreage, and as to the part under cultivation, the quality of hay cut, amount of stock kept, and estimated the income of the farm exclusive of the grove, but said that he could not give an estimate with certainty without figures, he was properly allowed, when recalled by his counsel, to state the amount of money received from stock, and the amount paid for feed and for help in haying.

This Court will not consider a claim which the record does not show was made below.

A petition for a new trial shows what amounts to newly discovered evidence warranting a new trial, where it discloses that, in an action for damage to land by fires claimed to have been set by defendant, the writ was served December 3, and defendant employed counsel the next day, and the following day a heavy snow fell, which remained till after the term at which the case was tried, during which time no adequate examination of the damaged land could be made on account of the snow; that defendant's motion for a continuance to enable him to procure a plan showing the course of the fires was denied; and that an examination of the land, made after the snow was off, showed designated facts tending to refute plaintiff's claim.

From the nature of such newly discovered evidence, a petition for a new trial based thereon need not be supported by an affidavit of counsel.

An accurate plan showing in detail the course of the several fires, in connection with the testimony of witnesses who had made a particular examination of the premises as to the source and extent of the injury, cannot be said to be merely corroborative of the evidence given, or which might have been given, at the trial, so as to preclude a new trial because of the discovery of that evidence.

The fact that defendant knew of plaintiff's claim as to the nature of the damage sustained did not require defendant in the exercise of due diligence to incur expense in preparation before the action was begun.

CASE for negligently setting fires. Plea, the general issue. Trial by jury at the March Term, 1909, Orleans County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The ·defendant excepted. The opinion states the case.

*Grout & Grout* and *Young & Young* for the defendant.

As to each of the questions submitted by the special verdicts the burden was on plaintiff, and every fact necessary to entitle plaintiff to recover is covered by those verdicts; and where, as here, the special verdicts and the general verdicts are in ·conflict, the former control, and as the jury were unable to answer them, judgment should have been for defendant. *Whitney* v. *Londonderry,* 54 Vt. 41; *Jones* v. *Baird,* 76 Ind. 164; *Henderson* v. *Dickey,* 76 Ind. 264; *Glantz* v. *City of South Bend,* 106 Ind. 305; *Town of Fowler* v. *Linquist,* 138 Ind. 566; *Boyer* v. *Robertson,* 144 Ind. 604; *Davis* v. *Schmidt,* 31 N. E. 840; *Morrow* v. *Saline County Commissioners,* 21 Kan. 484; *Atchison etc. Co.* v. *Lannigan,* 56 Kan. 109; *Heyman* v. *Simmons,* 4 Kan. App. 1; *Union Pacific Ry. Co.* v. *Shannon,* 38 Kan. 476; *Canadian Pacific Ry. Co.* v. *Peavey,* 34 Kan. 472; *Nichols, Shepard & Co.* v. *Wadsworth,* 40 Minn. 547; *Watson* v. *Chicago etc. Co.* 46 Minn. 320; *United States* v. *Pinover,* 3 Fed. 305; *Richardson* v. *Weare,* 62 N. H. 80; *Bradbury* v. *Idaho etc. Co.,* 2 Idaho 239; *Nelson* v. *Neeley,* 63 Ind. 194; *Lassiter* v. *Jackman,* 88 Ind. 118; *Tobie* v. *Brown County Comrs.,* 20 Kan. 14; *Gripton* v. *Thompson,* 32 Kan. 367; *Clark* v. *Missouri etc. Co.,* 35 Kan. 350; *Atchison etc. Co.* v. *Morgan,* 43 Kan. 1; *Leavenworth etc. Co.* v. *Wilkins,* 45 Kan. 674; *Phelps & Bigelow Windmill Co.* v. *Buchanan,* 46 Kan. 314; *Adams* v. *Louisville etc. Co.,* 82 Ky. 603; *Dempsey* v. *City of New York,* 10 Daly 417; *Incorporated Village of Middleport* v. *Taylor,* 2 Ohio Cir. Ct. R. 366; *Pepperall City Park Transit Co.,* 15 Wash. 176, 45 Pac. 743; *Hogan* v. *Chicago etc. Co.,* 59 Wis. 139; *Ebsery* v. *Chicago City Ry. Co.* 61 Ill. App. 265; *McKinley* v. *First Nat. Bank,* 118 Ind. 375; *Hogle* v. *Clark,* 46 Vt. 424.

It was error to receive the general verdict without answers to the special verdicts. *Cleveland etc. Co.* v. *Asbury,* 120 Ind. ·289; *Union Pacific Ry. Co.* v. *Fray,* 35 Kan. 700; *Crane* v. *Reeder,* ·25 Mich. 303; *Redford* v. *Spokane etc. Co.,* 9 Wash. 55, 36 Pac.

1085; *Atchison etc. Co.* v. *Cone,* 37 Kan. 567; *Whitney* v. *Londonderry,* 54 Vt. 41; *Lytton* v. *Chicago etc. Co.,* 69 Iowa 338; *Nichols, Shepard & Co.* v. *Wadsworth,* 40 Minn. 547.

The measure of plaintiff's damage was the value of the land as it was before the fire damaged it less its value as it was after the injury was done, and it was error to charge that the measure of plaintiff's damage was the decreased value of the farm as a whole caused by the injury to the grove. *Norfolk etc. Co.* v. *Bohannon,* 85 Va. 293, 7 N. E. 236; *Gilman* v. *Brown,* 115 Wis. 1, 91 N. W. 227; *Montgomery* v. *Locke,* 72 Cal. 75, 13 Pac. 401; *Stoner* v. *Texas etc. Co.,* 45 La. Ann. 115, 11 So. 985; *Greenfield* v. *Chicago etc. R. Co.,* 83 Iowa 270; *Kansas City etc. R. Co.* v. *Rodgers,* 48 Neb. 653; *St. Louis etc. Co.* v. *Ayers,* 55 S. W. 159, 67 Ark. 371; *Union etc. Co.* v. *Murphy,* 76 Neb. 545, 107 N. W. 757; *Baylor* v. *Stevens,* 16 Pa. Sup. Court, 365; *Galveston etc. Co.* v. *Warnecke,* 95 S. W. 600; *Bailey* v. *Chicago etc. Co.,* 19 L. R. A. 653; *Freemont etc. Co.* v. *Crum,* 30 Neb. 70; *White* v. *Chicago etc. Co.,* 9 L. R. A. 824; *Athinson* v. *Atlantic etc. Co.,* 63 Mo. 367; *Burdick* v. *Chicago etc. R. Co.,* 87 Iowa 384.

*J. W. Redmond* for the plaintiff.

The court correctly charged that the measure of plaintiff's damage was the decreased value of the farm as a whole resulting from the injury to the grove parcel thereof. *McGuire* v. *Grant,* 1 Dutcher's (N. J.) 356; *Hoskins* v. *Phillips,* 3 Exch. 168; *Shannon* v. *Hannibal etc. R. R.,* 54 Mo. App. 223; *Brantley* v. *Green,* 29 Ala. 387; *Chipman* v. *Hebbard,* 6 Cal. 162; *Carner* v. *Chicago etc. R. R.,* 43 Minn. 375, 45 N. W. 713; *Achey* v. *Hull,* 7 Mich. 423; *Hoye* v. *Chicago etc. R. R.,* 46 Minn. 269, 48 N. W. 1117; *Dwight* v. *Elmira etc. R. R.,* 132 N. Y. 199, 30 N. E. 398, 28 Am. St. Rep. 563, 15 L. R. A. 612; 2 Joyce on Damages, §§2186, 2114.

MUNSON, J. The defendant is charged with having set fires on his land which he negligently left unattended, and suffered to spread upon and injure the plaintiff's sugar place. There was evidence tending to show that the damage resulted from one or more of several fires, some of which were set by the de-

fendant, and some by others at work upon his land, whose authority was in dispute.

The court submitted a general verdict, and four special inquiries, which were as follows: (1) Did the defendant kindle the fire which spread to plaintiff's land and did the burning in question? (2) If your answer is "No," then did his agent kindle that fire, and if so, who was it? (3) If your answer is "No," to the first question and "Yes" to the second, then was the agent authorized by the defendant to kindle it? (4) Which fire, if either, meaning the fire set at the spring, the fire set on the plowed ground piece, the fire set on the flat, or the fire set near the road just south of the defendant's grove, spread to the plaintiff's land and did the alleged injury? The jury returned a general verdict for the plaintiff, and returned the special inquiries without answers, reporting that they were unable to answer them.

Fire reached the plaintiff's sugar woods from defendant's land September twentieth. The fires complained of were set to stumps and old logs in different parts of the defendant's pasture between August twenty-fourth and September thirteenth. The plowed ground piece, so-called, was a piece of about five acres which had been marked out for plowing by running a few furrows. The road spoken of was a farm road running through the pasture. The fire at the spring was set by the defendant. Some of the fires on the plowed ground piece were set by the defendant, and some by Clinton Willey and Harlow Eastman, boys who were at work for defendant in this pasture cutting brush. The fires on the flat were set by these boys. The fires near the road, just south of the defendant's grove, were set by Sumner Eastman, an employee of the tenant of defendant's farm. Plaintiff's evidence tended to show that the fire that damaged him was caused by the fire set by defendant at the spring or by other fires set by the defendant, or by the fires set by the Willey and Eastman boys, or by two or more of these or all combined. Defendant's evidence tended to show that the fire which damaged the plaintiff came from the fires set by Sumner Eastman near the road just south of the defendant's grove.

Plaintiff's evidence tended to show that early in the last

week in August the defendant said to the Willey and Eastman boys, who were then working on the plowed ground piece, that he would like those stumps burned off, and would like to get them burned off that fall; that during that week the defendant set fires on this piece in the presence of the boys, and that later in the same week the boys set fires there. It appeared also from defendant's evidence that between August twenty-ninth and September thirteenth the defendant was in this pasture several times and saw smoke coming from stumps the boys had fired. There was also evidence tending to show that the spring fire was set by the defendant about September twelfth in the presence of Clinton Willey, upon a suggestion of the boy that the stump looked as if it might burn. There was evidence that in the last of August the defendant and Sumner Eastman met in the pasture, and that the two took some coals and set a fire about thirty rods from the spring. It appeared also from the defendant's evidence that he went up the road past his grove, August thirty-first, and noticed that fires had been set there.

It cannot be said that the inability of the jury to determine whether the fire which damaged the plaintiff was a fire set by the defendant or one set by his agent was necessarily inconsistent with the return of a general verdict for the plaintiff; for the jury may have found facts which justified the conclusion that the injury was caused wholly or in part by one or more fires set or authorized by the defendant without being able to determine which, and may have found that the claimed agents had authority for setting all the fires that they did set. But, upon this basis, it would be essential for the jury to find that all the fires held chargeable that were set by persons other than the defendant were set by his authority, and unless the court can be satisfied that this was found the failure to answer the special inquiries will be fatal. All the kindling on the flat was done by the two boys, and all the kindling near defendant's grove was done by Sumner Eastman, and the plaintiff could not recover on account of either of these without a finding that the setting of the fire was authorized, or a finding that some fire set by the defendant or by his authority combined with such fire to cause the damage. We have seen that the questions

themselves are so framed as to call first for a determination of the question whether the fire which caused the damage was set by the defendant or by his agent, and to direct an inquiry as to the authority of the agent in case they found the fire was set by one. In addition to this, the jury were told that the only fire that was important in the consideration of the case was the fire which spread upon the premises of the plaintiff, and that if they found that fire was set by an agent of the defendant they were to inquire whether that act was within his authority. The jury were told again in another connection that if they found that any fire kindled by the agent did the burning on plaintiff's land they were to inquire whether he had authority to kindle it. There was no instruction based upon the supposition of their being unable to pursue the inquiry in this line. There was no instruction based upon the contingency of a finding that the damage was caused by a combination of a part or all of the fires mentioned in the fourth inquiry. There was no specific mention of the individuals claimed to be agents, and no instruction applicable to the case of Sumner Eastman as distinguished from that of the boys. With the case thus submitted, and the special inquiries left unanswered, and the inability of the jury to answer them reported, we can feel no assurance that the jury agreed on a finding of authority co-extensive with that required by their other findings, and without this the verdict cannot be sustained. The charge was framed with reference to an investigation in line with the special inquiries, and was not adequate to the protection of the defendant if those inquiries were to remain unanswered.

But it does not follow from this holding that the defendant's motion for a judgment in his favor should have been granted. It is argued that the jury's inability to answer the special inquiries conclusively shows that the plaintiff failed to establish the facts necessary to entitle him to recover; that the failure to answer them was equivalent to a finding against the plaintiff and in favor of the defendant as to each inquiry; and that when a general verdict and special verdicts are in conflict the special verdicts control. The ground on which the previous question was disposed of affords a sufficient answer to this claim.

The court charged that the plaintiff was entitled to recover

the damages he had sustained in the injury to his farm— what the farm had been damaged, not particularly for him, but as a farm; that the measure of the damage was the reduction in the worth of the farm. The defendant excepted to this, and also to the failure to charge that the recovery should be for the damages to the territory burned and that only; and he now argues that the measure of the damage is the value of the land through which the fire ran as it was immediately before the fire, less the value of the same land immediately after the fire and before any wood or timber had been removed, and that anything beyond this is to be regarded as a speculative injury. The plaintiff contends that the farm is to be viewed as a unit, in which each part contributes to the value of the whole; and that the actual damage resulting from the destruction or injury of any part cannot be arrived at without considering that part in its relations to the entire property.

One whose trees have suffered through the wrongful act or omission of another is entitled to a fair compensation for his actual loss. The difficulty lies in framing an instruction which will give him his actual loss and nothing more. No specific instruction can be formulated that will be of general application. The elements of damage vary with the kind, condition, location and use of the trees. The cases deal with young and growing trees, and trees which have reached their maturity; trees valuable only for wood and timber, and trees mainly or solely valuable for their annual product; trees which from their detached location or the extent of the wooded tract are valuable merely as woodland growth, and trees which are needed to give to a farm its proper proportion of woodland; trees which have no direct commercial value, but which add to the market value of a place and the comfort of its owner by furnishing shade and ornamentation. The value of a young or fruit-bearing tree depends upon its connection with the soil, while the value of a fully grown forest tree is realized only by severing it from the soil. In the destruction of trees by fire there may be an injury to the soil as well as a loss of wood or timber.

The sugar maple is a source of income while standing, and is valuable for wood or timber when severed from the soil. It thus combines the advantages of the forest tree and the
18

fruit tree. It was formerly held in New York that the damage caused by the destruction of fruit trees was to be arrived at by placing a valuation on the trees. *Whitbeck* v. *New York Cen. R. R. Co.,* 36 Barb. 644. This rule met with little favor in other jurisdictions, and has since been repudiated in New York. *Dwight* v. *Elmira etc. R. R. Co.,* 132 N. Y. 199, 30 N. E. 398, 15 L. R. A. 612, 28 Am. St. 563. It is now generally held that in all cases where the suit is for the injury to the realty, and a recovery of the value of the trees as property separate from the soil would not give the plaintiff his full damage, the true measure of the damage is the difference between the value of the land as it was before the injury and its value immediately after the injury. *Dwight* v. *Elmira etc. R. R. Co., supra; Achey* v. *Hull,* 7 Mich. 423; *Hoye* v. *Milwaukee etc. Ry. Co.,* 46 Minn. 269, 48 N. W. 1117; *Shannon* v. *Hannibal etc. Ry. Co.,* 54 Mo. App. 223; *Chipman* v. *Hibberd,* 6 Cal. 162; *Evans* v. *Keystone Gas Co.,* 148 N. Y. 112, 42 N. E. 513, 30 L. R. A. 651, 51 Am. St. 681; *Miller* v. *Neale,* 137 Wis. 426, 119 N. W. 94, 129 Am St. 1077; *Galveston etc. Ry. Co.* v. *Warnecke,* 43 Tex. Civ. App. 83, 95 S. W. 600; *Brantley* v. *Green,* 29 Ala. 387; *St. Louis etc. R. Co.* v. *Ayers,* 67 Ark. 371, 55 S. W. 159. The defendant does not object to this method of arriving at the damage; but he insists that the only land to be considered is the land actually burned over. Many of the cases speak of "the land" without expressly indicating the territory intended; but it will not be profitable to examine these to determine the intention, for there are many cases which distinctly refer to the farm or the estate of which the injured tract was a part. *Rowe* v. *Chicago & N. W. Ry. Co.,* 102 Iowa 286, 71 N. W. 409; *Brooks* v. *Chicago etc. Ry. Co.,* 73 Iowa 179, 34 N. W. 805; *Krejci* v. *Chicago etc. Ry. Co.,* 117 Iowa 344, 90 N. W. 708; *Hoye* v. *Milwaukee etc. Ry. Co.,* 46 Minn. 269, 48 N. W. 1117; *Achey* v. *Hull,* 7 Mich. 423; *Missouri Pac. Ry. Co.* v. *Haynes,* 1 Kan. App. 586, 42 Pac. 259; *St. Louis etc. R. Co.* v. *Hoover,* 3 Kan. App. 577, 43 Pac. 854; *St. Louis etc. R. Co.* v. *Noland,* 75 Kan. 691, 90 Pac. 273; *Haskell* v. *Northern etc. R. R. Co.,* 74 Hun. 380, 26 N. Y. Supp. 595.

In view of the nature of the case, we think the charge of the court as before stated was correct. It may be, however,

that either party would have been entitled on request to a more specific instruction as to the elements of damage to be considered in ascertaining the plaintiff's injury. See *Baltimore Belt R. Co.* v. *Sattler*, (*Md.*), 62 Atl. 1125, 64 Atl. 507. But we cannot well undertake a more specific treatment of the subject in advance of the trial, to meet questions which may possibly be raised by requests for more specific instructions.

Under the rule adopted it was competent for the plaintiff to testify that the sugar was the principal income of his farm, and give an estimate of the damage to the farm; and also to show by a witness familiar with the sugar place the characteristics of the part left uninjured.

After the plaintiff had testified as above stated, and given the amount received from the sugar place, and described the farm as very stony and rough, he was inquired of by the defendant as to the location and acreage of the farm, the proportion under cultivation, the quantity of hay cut and amount of stock kept, and on inquiry gave an estimate of the income of the farm exclusive of the sugar place but said that he could not give this positively without his figures. On being recalled by his counsel he was permitted to give the amounts received from the cows and the sales of calves and pigs, and the amounts paid out for feed and help in haying. After a cross-examination like that above summarized the plaintiff was entitled to support his direct testimony by a production of these figures.

The defendant claims that the declaration is not sufficient to justify a recovery in accordance with the charge. The only allegation of damage is that the fire "spread upon said land of the plaintiff, and consumed and wholly destroyed a large portion of a very valuable sugar place thereon, and wholly destroyed a large amount of growing trees on said farm, and damaged a large area of the soil on said farm." There was nothing in the objections to evidence, the discussions regarding them, the requests to charge, or the exceptions to the charge, that could have suggested to the trial court the claim now made. So the question is not before us; and we do not feel called upon to give any intimation regarding it, for the plaintiff can easily protect himself from all uncertainties by amending the declaration in this respect.

There are one or two other questions of importance which we do not deem it expedient to pass upon at this time, and many others which may properly be omitted as not likely to arise again.

*Judgment reversed and cause remanded.*

The matter of costs makes it necessary to dispose of the petition for a new trial. We think the case discloses evidence which would have an important bearing upon the main issue on a retrial, and certainly would be likely materially to change the result as regards the amount of the damage sustained. The desired proof was something which the petitioner believed to exist, and knew where to look for, but was unable to get at. He seasonably moved for a continuance which would enable him to procure it, but was required to go to trial without it. He now produces evidence of conditions which he was then unable to establish. This evidence is newly discovered within the spirit of the rule, if not within the letter of it.

It appears that the writ was served December third, that counsel was employed the next day, and that on the day following there came a heavy fall of snow which remained on the ground until after the term at which the case was tried. The plaintiff had prepared for the suit by having a plan made and the premises examined by persons who were afterwards called as witnesses. The petitioner knew of the plaintiff's claim, but due diligence did not require that he incur the expense of preparation until suit was commenced. After the snow fell no adequate examination was possible.

The petition characterizes the refusal of the court to grant a continuance as an abuse of its discretion, and makes this the basis of the application; but the substance of the complaint is the petitioner's inability to have certain evidence which a continuance would enable him to procure; and the question has been argued as one of newly discovered evidence. The petitionee contends that the new evidence is merely corroborative of that given on the trial by the petitioner in describing an examination he made soon after the fire, and that it does not appear but that the same facts might have been shown by some of

those who fought or watched the fire at different stages of its progress. It is evident that an accurate plan, showing completely and in detail the course and spreading of the several fires, produced in connection with the testimony of witnesses who had made a particular examination of the premises for the purpose of testifying fully as to the source and extent of the injury, would be something quite different from any evidence which the petitioner could possibly produce in the circumstances in which the case was tried. It is also said that the petition is not supported by an affidavit of counsel. The filing of such an affidavit was not then a positive requirement, and there was nothing in the nature of the case that called for one.

*Petition sustained with costs.*