CHARLES S. CHASE *v.* HOOSAC TUNNEL & WILMINGTON RAILROAD

COMPANY.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Damages—Theory—Compensation—Injuries to Land—Growing Timber—Evidence—Admission—Witnesses— Cross-Examination—Discretion of Court.*

Ordinary damages are awarded on the theory of compensation, and where property wrongfully destroyed may be put to more than one use, and its value for one purpose exceeds that for another, the owner is entitled to recover the larger amount.

The measure of damages for injuries to growing trees by fire is the difference between the value of the land immediately before and immediately after the fire, the value before the fire being determined in view of the existence of the growing trees, the character of the soil, the kind, quality, age, and location of the trees; so that the owner is entitled to show that the hard wood trees were worth more standing than if cut into fire wood.

The extent of cross-examination to test the accuracy and credibility of a witness, or to impeach his testimony, is largely within the discretion of the trial court; and so error does not appear where, in an action against a railroad company for damages from a fire kindled by defendant's locomotive, plaintiff on cross-examination was allowed to ask the engineer and fireman of the locomotive whether they had made designated statements on a former trial contradictory of their testimony just given, and the engineer admitted that he had, and said that the fact was as testified on the other trial; but the fireman said that he did not remember the statements imputed to him on the other trial, and plaintiff offered no evidence as to the former statements of those witnesses.

CASE for negligence in setting out fires. Plea, the general issue. Trial by jury at the September Term, 1910, Windham County, *Taylor*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. See the following case.

*Haskins & Schwenk* for the defendant.

*W. R. Dailey* and *E. W. Gibson* for the plaintiff.

POWERS, J. This is an action on the case to recover damages alleged to have been sustained by reason of a fire negligently communicated to the plaintiff's land by the defendant's locomotive engine. It appeared that the fire in question burned over a large area of the plaintiff's woodland; that the timber on this land had been cut and removed, and that at the time of the fire it was largely covered with a second growth of beech, birch and maple, with some ash, spruce and hemlock, ranging in size from twenty inches down to two inches in diameter; that the ground was exceedingly dry and that in many places the soil was burned to such a depth that its fertility for growing trees was destroyed. Witnesses on both sides testified without

objection as to the number of cords of wood and feet of lumber
destroyed and injured by the fire, and the value thereof at that
time, and gave their estimates of the damage to the soil through
which the fire ran.   Certain of the witnesses were then allowed,
subject to exception, to testify in effect, that in their opinions
the trees destroyed, especially the hard wood, were worth more
to stand and grow, than to cut into firewood, and some were
allowed to say how much more the land was worth as "sprout
land" than for the wood upon it.   The defendant objected
that this line of evidence did not relate to a proper element of
damage, because the answers were necessarily too speculative
and uncertain to be reliable or legitimate.   The defendant then
insisted, as it does here, that the true rule governing the damages
is "the actual damage to the wood and timber trees standing
and growing upon the burned premises at the time of the fire,
together with such damage to the soil, if any, by reason of the
fire, as was shown by the evidence in the case, less the amount
the plaintiff realized or might have realized from the wood and
timber, by the exercise of the care of a prudent man in season-
ably cutting, marketing and properly caring for the same; and
that the measure of damages as to the wood and timber actually
destroyed was its value as wood and timber (its sumpage as
it is commonly called) upon the day of the fire."

Ordinarily, damages are judicially awarded on the theory
of compensation.   The law seeks to make the injured party
whole—to restore him, so far as can be done by an award of
damages, to his former position.   The rule contended for by the
defendant would accomplish this  result in many cases, but
not in all.   Where the property wrongfully destroyed is capable
of being put to more than one use, and its value for one purpose
exceeds that for another, the owner is entitled to recover of the
wrongdoer the larger sum.   Otherwise, he would not be made
whole; for the true cash value of any property is represented
by the amount it is worth for the most useful purpose for which
it is available.   So in many cases the "stumpage" value would
not be full compensation for trees destroyed.   Take young,
growing trees, not large enough for wood or timber; these have
no "stumpage" value, but they have a present value as growing

trees, nevertheless, depending more or less upon their age, size, location and the conditions surrounding them.

It is to be observed that the trial court did not allow the jury to hear evidence as to the future value of these trees or to indulge in any speculation on that subject. The line was carefully and correctly drawn by the court; the evidence was limited to the value of the trees at the time of the fire, taking into account the fact that they were growing trees; and the charge was correspondingly guarded.

In these cases the rule of damages is usually stated to be the difference between the value of the land just before the fire and its value just after. *Kilby* v. *Erwin*, 84 Vt. 270, 78 Atl. 1021. This value before the fire is to be established in consideration of the fact that there is standing upon the land wood, timber and growing trees; and in reaching a conclusion it is proper to consider the character of the soil, the kind, quality, age and location of the trees. *Louisville etc. R. R. Co.* v. *Spencer*, 149 Ill. 97, 36 N. E. 91. All this is recognized and approved in *Kilby* v. *Erwin, supra*, wherein it is said: "One whose trees have suffered through the wrongful act or omission of another is entitled to a fair compensation for his actual loss. * * * The elements of damage vary with the kind, condition, location and use of the trees."

The defendant's objection to the evidence was properly overruled and the charge on this subject was free from error.

The only other exceptions relied upon in the defendant's brief relate to the cross-examination of the witnesses Barre and Harris, who were respectively engineer and fireman on the engine which, it was claimed, set out the fire. Subject to exception, the plaintiff was allowed to ask each of these witnesses if he did not, in his testimony at another trial, make certain specified statements which were contradictory of the testimony given on the trial of this case. This was offered and received for the purpose of laying a foundation for an impeachment. The engineer frankly admitted that he did so testify at the other trial, and that the fact was as then stated. The fireman either denied making the former statement or said he did not remember making it. The plaintiff did not offer any other evidence as to these former statements.

It is enough to say in disposing of these exceptions that the extent of cross-examination to test the accuracy, veracity or credibility of a witness or to shake his credit by impeaching his character, is, to a large extent, within the discretion of the trial court. *Hathaway* v. *Goslant*, 77 Vt. 199, 59 Atl. 835. That the plaintiff did not see fit to pursue the matter by the introduction of evidence of what the former statements, if any, were does not at all change the situation. It is apparent that the court's discretion was not here abused.

*Affirmed.*