J. L. PASCAL, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Appeal:** PRESERVATION AND TRANSMISSION OF EXHIBITS. The objection that pieces of sod offered in evidence in an action for damages caused by the burning over of meadow and hay land could not be preserved and transmitted on appeal was properly overruled, no reason being assigned why the same could not be preserved, and it was not rendered necessary that all the evidence should be before the appellate court by assignment of error that the evidence was insufficient to sustain the verdict.

**Trial:** VIEW OF PREMISES BY JURY. Permission of the jury to view the premises is largely a matter of discretion; and the refusal of such a request is not reversible error.

**Growing Crops:** FIRES: MEASURE OF DAMAGES. Where a meadow was not totally destroyed by fire the measure of damage is the difference in its value immediately before the fire and its value immediately thereafter.

*Appeal from Pocahontas District Court.*—HON. A. D. BAILIE, Judge.

FRIDAY, JUNE 6, 1913.

PLAINTIFF sued to recover damages for the partial destruction of thirty-one acres of meadow and hay land, and for rendering the same of less value for said purposes; and in a second count for burning twenty tons of tame hay in stack, alleged to have been negligently caused by sparks from one of defendant's engines. Plaintiff claimed $300 on both counts. There was a trial to jury and a verdict and judgment for plaintiff for $230. Defendants appeals.—*Affirmed.*

*J. L. Parrish, Benton B. Hall, J. H. Johnson,* and *Allen & Atkinson,* for appellant.

*J. M. Berry,* for appellee.

PRESTON, J.—I. Three pieces of sod, from plaintiff's meadow, each less than a foot square, were introduced in evidence, over defendant's objection. The objection was that they were inadmissible because they could not be preserved and transmitted to the Supreme Court. It is not necessary to decide the point for two reasons; no reason is given why the sod could not be preserved and certified. Exhibits of larger bulk have been sent here. The only reason which occurs to us is that the dirt might crumble from the roots; but that could be avoided by making a box for each. In this case there could be no object in our seeing these exhibits. Some of the cases cited proceed on the theory that, if the sufficiency of the evidence is challenged on appeal, the court should have all the evidence before it; but defendant has not assigned as error the sufficiency of the evidence to sustain the verdict.

*1. APPEAL: preservation and transmission of exhibits.*

II. Defendant requested that the jury be allowed to view the meadow, and this request was denied. The reason for refusing is not shown. It was so much a matter of discretion that we should not reverse for this.

*2. TRIAL: view of premises by jury.*

III. The court adopted as the rule for the measure of damages the difference between the value of the meadow immediately before the fire, and its value immediately after. The instructions were on this theory. In this class of cases there is some difficulty in formulating a general rule by which all cases may be governed. Appellant contends that the proper rule is as announced in *Krejci v. Railway,* 117 Iowa, 344, which is that: "When grass land or meadow, as distinguished from hay or grass, is destroyed, the rule of damage as adopted by this court is the cost of restoring it to its former condition, and its rental value as such until restored, and if growing grass is destroyed plaintiff may have in addition the value of this grass."

3. GROWING CROPS: fires: measure of damages.

In the case at bar the fire occurred the latter part of February, and the only damages claimed were for injury to the meadow or as grass land. Defendant asked two of its witnesses this question: "Q. What do you say would be the reasonable cost of restoring that meadow and reseeding it in the condition which would compare with the *remainder of the meadow which was not burned?*" This question was objected to, and the court said: "Well, as I understand this witness' contention, it is that this meadow is in better shape than it was before the fire. Witness: It looked that way to me at the time I was there. Court: Now, if that is true, then this rule laid down in the 84th Iowa is the one that surely should apply because it certainly is not totally destroyed. The objection is sustained." To which ruling the defendant excepted.

There are several reasons why the objection was properly sustained. It was not a question as to restoring the burned portion to the condition of the remainder of the meadow not burned, but to restore the burned part to its former condition. There was evidence that some parts of this meadow were not as good as others. Again, the question asked, omitted the matter of rental value until it was restored,

which should have been included if the rule contended for applies. And again, one of these witnesses testified that it was in as good condition after as before the fire. If he was correct in that, there could be no question of restoring it if it was already as good. The other witness said he had no experience about seeing tame meadow burned out. But, after all, the rule applies where the meadow is destroyed, and not to a case where there has been only a partial destruction of it. The rule adopted by the trial court is in accord with *Hamilton v. Railway*, 84 Iowa, 131. See, also, *Thompson v. C., B. & Q. R. Co.*, 84 Neb. 482 (121 N. W. 447, 23 L. R. A. [N. S.] 310), and cases cited in note.    .

But it is claimed by appellant that the excluded evidence was admissible, even though the measure of damages was as given by the court. It may be that, if the questions had been so framed as to apply to the restoration of the burned portion to its former condition, it would have had some bearing on the question of the value before and after the fire; but, as the question was put, there could be no prejudice, we think, in sustaining the objection. These questions were not asked on cross-examination as a test of opinion, as to value, as in *Hanley v. Railway*, 154 Iowa, 60.

We find no prejudical error in the record.—*Affirmed.*