Sebring v. Ellenbogen, No. 324-10-03 Bncv  (Carroll, J., Aug. 1, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


**STATE OF VERMONT**
**BENNINGTON COUNTY, ss.**

| | | |
|---|---|---|
| **PETER and NANETTE SEBRING,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **BENNINGTON SUPERIOR COURT** |
| | ) | **DOCKET NO. 324-10-03 Bncv** |
| **NORMAN ELLENBOGEN,** | ) | |
| **Defendant.** | ) | |
| | ) | |


## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

Defendant Ellenbogen seeks the Court's reconsideration of its February 11, 2005 order declining to rule preliminarily on the appropriate measure of damages to be used in its eventual jury charge.  Ellenbogen complains that the Court's refusal to rule has hampered efforts to litigate the case, and further asserts that there is only one measure of damages available under 13 V.S.A. § 3606; that being "(1) the stumpage value of the trees–that is, their value as timber prior to the effort of cutting them and transporting them to a sawmill, and (2) the costs of cleaning up the logging slash."  (Def.'s Mot. to Reconsider Decision Not to Rule on Measure of Damages, at 4).  Ellenbogen wishes the Court to determine that the rule he asserts is the appropriate measure of damages in this case.  While the Court cannot agree with Ellenbogen's formulation, in the

interest of furthering the present litigation, the Court will rule on a measure of damages.[1]

Ellenbogen's motion is **GRANTED**, consistent with the following discussion.

## RULE 59(e) MOTION TO RECONSIDER

Under Vermont Civil Rule 59(e) the Court may alter or amend a judgment, after reconsideration of an issue previously before it to determine whether or not the previous ruling was correct.  In re Robinson/Keir Partnership, 154 Vt. 50, 54 (1990).  Under Rule 59(e) the Court has "broad power to alter or amend a judgment."  Id. (citing Reporter's Notes, V.R.C.P. 59).

## DISCUSSION

Although Ellenbogen asserts that there is a single measure of damages available under 13 V.S.A. § 3606, a review of the relevant case law reveals a far more nuanced picture than

---

[1]The Court initially refused to consider this issue because the measure of damages in a case of this nature is necessarily dependent upon the facts of the case and the Court did not have sufficient information about the uncontested facts at the time.  While Defendant's Motion to Reconsider and his Reply Brief contain some condescending statements to the Court, it does acknowledge that the Vermont Supreme Court has recognized alternative measures of damages based upon the type, location and value of the tree(s) cut.  Because the Court is content at this time that the factual issues which are relevant to the measure of damages are uncontested, the Court will issue this decision.  However, it should be noted that if the evidence presented at trial in this case differs to a large degree from the facts supporting this opinion, the trial court judge may determine that the proper measure of damages is different than that set out in this opinion.

Ellenbogen presents. See, e.g., Pion v. Bean, 176 Vt. 1, 11 (2003) (citing Lavalette v. Noyes, 124 Vt. 353, 356 (1964) (Supreme Court has "recognized that the elements of damages under 13 V.S.A. § 3606 vary with the kind, condition, location, and use of the damaged trees"); id. (recognizing replacement value as proper measure of damages in certain situations); O'Brien v. Dewey, 120 Vt. 340, 350 (1958) (quoting Kilby v. Erwin, 84 Vt. 266 (1911)) ("'It is now generally held that in all cases where the suit is for the injury to the realty, and a recovery of the value of the trees as property separate from the soil would not give the plaintiff his full damage, the true measure of damage is the difference between the value of the land as it was before the injury and its value immediately after the injury.").

Moreover, with respect to the elements of damages varying with the kind, condition, location and use of the damaged trees, the Court in O'Brien also noted that whether the trees were " trees that have no direct commercial value, but which add to the market value of a place and the comfort of its owner by providing shade and ornamentation," id., is also a relevant consideration for a jury when assessing damages.

It would be a crabbed interpretation for this Court to lay down the rule Ellenbogen asserts given that the rule is so clearly directed towards the situation where one individual wrongfully harvests timber for commercial use from another individual's land. The rule Ellenbogen presses the Court to articulate is wholly inappropriate as a means of redress for the injury the Sebrings complain of. This case is not about the unlawful harvesting of timber, but rather is a case about the alleged negligent cutting of trees on the property of another to improve the open lot space of the cutter. Indeed, the parties' pleadings make clear that Ellenbogen viewed the trees as an impediment, while the Sebrings viewed the trees as a valuable aesthetic component of their

property, and there is no evidence that Ellenbogen cut the trees with an eye towards converting those trees into marketable timber.

As the cases make clear, the Vermont Supreme Court has recognized the need for flexibility in implementing a measure of damages given the varying uses and values that standing trees have in various contexts. Most recently, along with tacitly approving a replacement value measure of damages for wrongfully felled trees in Pion v. Bean, the Supreme Court reiterated the "kind, condition, location and use" formulation found in Lavalette, and noted that an aggrieved party is "'entitled to a fair compensation for his actual loss.'" Pion, 176 Vt. at 11 (citing Lavalette, 124 Vt. at 356; Kilby, 84 Vt. at 273).

Therefore, consistent with the Vermont Supreme Court's flexible approach, the Court determines that the proper measure of damages in this case is the formulation found in Kilby and O'Brien; that being the "difference between the value of the land as it was before the injury and its value immediately after the injury." O'Brien, 120 Vt. at 350. Under this measure of damages, a jury will be free to consider the parties' evidence as to the nature of the Sebrings' actual loss. This includes loss of the trees in relation to "the market value of a place and the comfort of its owner by providing shade and ornamentation," id., or other relevant aesthetic qualities the trees provided, which the Sebrings may prove as having some objective effect on the value of their property.

Finally, the Court agrees with Ellenbogen that replacement value of the trees is an inappropriate measure of damages for this case. There is no evidence, and from the available facts it does not appear to be the case, that the felled trees were ornamental or decorative trees, purposefully planted, such that they would be replaceable with trees of like kind obtainable at a

4

nursery.

## <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED**, and the Court determines that the proper measure of damages in this case is the before and after value of the Sebrings' property with respect to the alleged wrongful tree cutting, which may take into account any and all of the factors outlined above, pursuant to the available proof.

Dated this _____ day of July, 2005, at Bennington, County of Bennington, Vermont.

_____
Karen R. Carroll
Presiding Judge